## MAHALA PALMER *versus* INHABITANTS OF BANGOR.

In a suit against a town for an injury to the plaintiff, caused by a defect in the highway in the town, the plaintiff is admissible as a witness under the statute of 1856, (R. S., c. 82, §§ 78, 79,) although no inhabitant of the town has been offered as a witness for the defendants.

EXCEPTIONS from the ruling of CUTTING, J.

THIS was an action against the city of Bangor for injuries sustained by the plaintiff, in consequence of an alleged defect in the highway. Upon the trial of the case, the plaintiff offered herself as a witness, before any of the inhabitants of the city had been called in defence. The counsel for the defendants objected to her admission, on the ground that the cause of action implied an offence against the criminal law on the part of the defendants. But the Court ruled that she was admissible as a witness, to which the defendants excepted.

The case was argued by *Briggs*, for the plaintiff, and by —

*Waterhouse*, with whom were *Ingersol* and *Kent*, for the defendants.

The opinion of the Court was delivered by

APPLETON, J.—It is enacted, by c. 266, § 1, of the Acts of 1856, that "no person shall be *excused or excluded* from being a witness in any civil suit, or proceeding at law or in equity, by reason of his interest in the event of the suit, as a party or otherwise, *except as is hereinafter provided;* but such interest may be shown for the purpose of affecting his credibility."

The language of this section is most general. More comprehensive phraseology cannot readily be imagined. *No person* is excused or excluded from testifying, by reason of his interest as a party or *otherwise,* "except as is hereinafter provided." The plaintiff, therefore, was properly admitted to testify, unless she was included in the exceptions "hereinafter provided."

The counsel for the defendants, to sustain their exceptions to her admission as a witness, rely on § 2, of the same Act, which provides, that "parties shall not be witnesses in suits where the cause of action implies an offence against the criminal law, on the part of the defendant, unless the *defendant shall offer himself* as a witness, *in which case* the plaintiff may also be a witness; and, in case the defendant in such suit *shall offer himself* as a witness, he shall be held to waive his *privilege* of not testifying, when his testimony might render him liable to prosecution for a criminal offence."

The argument urged is that, as a town is liable to indictment by reason of its roads being out of repair,—and as the cause of action is their being out of repair, which implies a criminal offence on the part of the defendants,—and as in suits where the cause of action implies a criminal offence, the plaintiff shall not be a witness, unless the defendant shall first offer himself as a witness,—that, inasmuch as none of the inhabitants were first called or received as witnesses, the plaintiff should not have been admitted to testify.

This argument, however, is without any foundation derived from the statute. The second section refers to " offences against the criminal law," which are *personal* offences on the part of the defendant, who shall offer himself as a witness, who is entitled to the privilege " of not testifying when his testimony might render him liable to prosecution for a criminal offence," and who, having this privilege, might waive it. It rests on the old maxim *nemo temtui suprum accusare,* which has been incorporated in the constitution in the clause providing that the accused " shall not be *compelled* to furnish or give evidence against himself." The Legislature, while admitting the parties, simply mean to preserve this clause of the constitution in full and unimpaired vigor.

Now, nothing of this nature can be predicated of a corporation, which cannot offer itself as a witness nor testify, and which, having no privileges " of not testifying," can waive none.

The correctness of this construction is still more apparent

when it is remembered that, by the then existing law, the inhabitants of a town were competent witnesses. If called for the plaintiff, in a suit against the town for its corporate neglect, they were not regarded as within the exemption from testifying, protected by the constitution. The purpose of the statute under consideration was to enlarge the admission of evidence. By § 2, the testimony of the plaintiff is made dependent upon the previous admission of the defendant, upon his own offer, and in cases where, but for the provisions of this statute, neither plaintiff nor defendant would have been received. It would be a forced and unnatural construction to regard a corporate neglect of duty, for which the witness could not be personally liable, and for which the corporation is indictable, as "an offence against the criminal law on the part of the defendant," on account of which he is to be excused from testifying, because "his testimony might render him liable to prosecution for a criminal offence."

*Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, and GOODENOW, J. J., concurred.